# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| J & J SPORTS PRODUCTIONS, INC.,, | ) | NO. 1:11-CV-00678 AWI JLT |
| Plaintiff, | ) ) | ORDER DISMISSING |
| v. | ) | DEFENDANT SANTIAGO FIGUEROA INDIVIDUALLY |
| SANTIAGO FIGUEROA, et al., | ) ) | AND d/b/a SANTIAGOS MEXICAN RESTAURANT a/k/a |
| Defendants. | ) ) | SANTIAGO MEXICAN & SEAFOOD RESTAURANT |
| | ) ) | ONLY IN LIGHT OF STIPULATION OF DISMISSAL |

On September 7, 2011, the Plaintiff filed a stipulation of dismissal of Defendant Santiago Figueroa, individually and d/b/a Santiagos Mexican Restaurant a/k/a Santiagos Mexican & Seafood Restaurant, only, without prejudice, pursuant to Rule 41(a)(1)(ii). The stipulation is signed by all parties in this case.

Rule 41(a)(1), in relevant part, reads:

an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim.

Rule 41(a)(1)(ii) thus allows the parties to dismiss an action voluntarily after service of an answer by filing a written stipulation to dismiss signed by all of the parties, although an oral stipulation in open court will also suffice. Carter v. Beverly Hills Sav. & Loan Asso., 884 F.2d 1186, 1191 (9th Cir. 1989); Eitel v. McCool, 782 F.2d 1470, 1472-73 (9th Cir. 1986). Once the

stipulation between the parties who have appeared is properly filed or made in open court, no order of the court is necessary to effectuate dismissal.  Fed. R. Civ. Pro. 41(a)(1)(ii); Eitel, 782 F.2d at 1473 n.4.  "Caselaw concerning stipulated dismissals under Rule 41(a) (1) (ii) is clear that the entry of such a stipulation of dismissal is effective automatically and does not require judicial approval."  In re Wolf, 842 F.2d 464, 466 (D.C. Cir. 1989); Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1189 (8th Cir. 1984); see also Gambale v. Deutsche Bank AG, 377 F.3d 133, 139 (2d Cir. 2004); Commercial Space Mgmt. Co. v. Boeing Co., 193 F.3d 1074, 1077 (9th Cir. 1999) cf. Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) (addressing 41(a)(1)(i)).  "The plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice," and the dismissal "automatically terminates the action as to the defendants who are the subjects of the notice."  Wilson, 111 F.3d at 692; Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995).

Because Plaintiff has filed a voluntary dismissal under Rule 41(a)(1)(ii) as to only Defendant Santiago Figueroa, individually and d/b/a Santiagos Mexican Restaurant a/k/a Santiagos Mexican & Seafood Restaurant, this case has terminated as to this Defendant only.  See Fed. R. Civ. Pro. 41(a)(1)(ii); In re Wolf, 842 F.2d at 466; Gardiner, 747 F.2d at 1189; see also Gambale, 377 F.3d at 139; Commercial Space Mgmt, 193 F.3d at 1077; cf. Wilson, 111 F.3d at 692.

Therefore, IT IS HEREBY ORDERED that  Defendant Santiago Figueroa, individually and d/b/a Santiagos Mexican Restaurant a/k/a Santiagos Mexican & Seafood Restaurant, is DISMISSED from this case without prejudice in light of the parties's filed and properly signed Rule 41(a)(1) voluntary dismissal.

IT IS SO ORDERED.

Dated:   October 7, 2011                                      _____
                                                              CHIEF UNITED STATES DISTRICT JUDGE