IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> SANTIAGO FIGUEROA and SANTIAGO ARREDONDO TAPIA, individually and doing business as SANTIAGOS MEXICAN RESTAURANT, <br><br> Defendant. | Case No.: 1:11-cv-00678 AWI JLT <br><br> ORDER ADOPTING IN FULL THE FINDINGS AND RECOMMENDATION GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT <br><br> (Doc. 15) |

J & J Sports Productions, Inc. ("Plaintiff") seeks the entry of default judgment against Defendant Santiago Arredondo Tapia, individually and doing business as Santiagos Mexican Restaurant, also known as Santiagos Mexican & Seafood Restaurant. (Doc. 12). Defendant did not oppose Plaintiff's application.

On September 30, 2011, the Magistrate Judge recommended Plaintiff's application for default judgment be granted in part and denied in part, and recommended damages totaling $6,200 be awarded to Plaintiff, including statutory damages of $4,000 for the violation of the Communications Act and $2,200 for the tort of conversion. (Doc. 15 at 14). On October 14, 2011, Plaintiff timely filed Objections to the Findings and Recommendations, and asserted Plaintiff was entitled to recover the statutory maximum award of $110,000. (Doc. 17).

///

1

**I.  Findings of the Magistrate Judge**

The Magistrate Judge found that application of the factors set forth by the Ninth Circuit in Eitel v. McCool for the entry of default judgment weighed in favor of entry of default. See Eitel, 782 F.2d 1420, 1472-72 (9th Cir. 1986).  First, Plaintiff would be prejudiced if default judgment was not entered, because there is no alternative means by which to recover damages suffered as a result of Defendant's actions.  See J & J Sports Prods. v. Rodriguez, 2010 U.S. Dist. LEXIS 20288, at *7 (E.D. Cal. March 5, 2010).  Assuming the facts of Plaintiff's omplaint as true, the Magistrate Judge found that Plaintiff stated claims for conversion and a violation of the Federal Communications Act of 1934, arising in 47 U.S.C. § 605(a).  In considering the sum of money at stake, the Magistrate Judge found the significant sum requested would weigh against entry of default, but the factor did not weigh against Plaintiff because the Court declined to enter that amount.  See, e.g., Joe Hand Promotions v. Streshly, 655 F.Supp.2d 1136, 1136 (S.D. Cal. 2009) (amount requested of $100,875 was "manifestly excessive under existing law").  As Defendant did not appear or make any effort to challenge the Complaint, the Magistrate Judge found that there is little possibility of dispute of material facts.  Finally, the Magistrate Judge concluded that it was unlikely that default entered was the result of excusable neglect because Defendant failed to answer after being served with the Summons, Complaint, and Plaintiff's motion for default judgment.  See Shanghai Automation Instrument Co., Ltd. v. Kuei, 194 F.Supp.2d 995, 1005 (N.D. Cal. 2001).

   A.  Statutory Damages

Under the Federal Communications Act of 1934, a plaintiff may recover actual or statutory damages "not less than $1,000 or more than $10,000, as the court considers just."  47 U.S.C. § 605(e)(3)(C)(i)(II).  After concluding the Eitel factors weighed in favor of the entry of default judgment, the Magistrate Judge turned to the amount of damages to be awarded.  To determine the amount of statutory damages to be awarded, the Magistrate Judge considered factors such as the capacity of the restaurant, the number of people present during the broadcast, the size of the television upon which the pirated program was broadcast, the lack of a cover charge and advertising, and the piracy history of Defendant.  (Doc. 15 at 8-10).  Specifically, the Magistrate Judge noted the investigator estimated that Santiago's Mexican Restaurant had a capacity of 40 people and

headcounts revealed between 10 and 14 people were present during the broadcast, which was displayed on a single 20" television. Defendant did not charge an entry fee, advertise the broadcast, or charge a premium for food or drinks. Finally, Plaintiff did not show Defendant had a history of signal piracy. Considering these factors, the Magistrate Judge recommended an award of $4,000 for statutory damages. (Id. at 10).

### B. Enhanced Damages

The Magistrate Judge noted damages may be enhanced for a violation "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). The Magistrate Judge declined to infer Defendant acted willfully because factual allegations regarding damages must be proven. (Doc. 15 at 11) (citing Pope v. States, 323 U.S. 1, 22 (1944); Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)). Also, the Magistrate Judge found Plaintiff did not show Defendant acted for commercial advantage or financial gain, because no cover charge was required and Defendant did not advertise the broadcast. (Id. at 12). Consequently, the Magistrate Judge recommended that the Court not enhance the damages award.

### C. Damages for Conversion

The Magistrate Judge found an establishment with the capacity of Santiago's Mexican Restaurant was required to pay $2,200 for a sublicense to broadcast the program lawfully with Plaintiff's permission. (Doc. 15 at 12). Because Plaintiff established it held the exclusive distribution rights and Defendant wrongfully broadcast the program, the Magistrate Judge found Plaintiff was entitled to $2,200 for the tort of conversion. (Id. at 12-13).

### D. Attorney's Fees

Plaintiff sought an award of attorney's fees and costs pursuant to 47 U.S.C. § 605. The Magistrate Judge noted Plaintiff's application failed to present any evidence of costs or fees to the Court as required by Local Rule 293(b). (Doc. 15 at 13). Because the request was procedurally defective, the Magistrate Judge decline to recommend an award of attorney's fees and costs. (Id.)

## II. Objections by Plaintiff

Plaintiff objects "to the amount of the statutory damages award and to the failure to make any enhanced statutory damages." (Doc. 17 at 4). Plaintiff asserts that "the damages awarded are

insufficient under the facts of this case and in keeping with the important policy consideration of deterring future acts of piracy." (Id.)  Plaintiff "acknowledges that . . . smaller awards have been made," but asserts "the Eastern District has also made substantially greater awards under non-egregious circumstances" (Id.) (citing J & J Sports Productions, Inc v. Olivares, 2011 U.S. Dist. LEXIS 12635, 2011 WL 587466 (E.D. Cal. Feb. 9, 2011); Joe Hand Promotions v. Gamino, 2011 U.S. Dist. LEXIS , 2011 WL 66144 (E.D. Cal. Jan. 10, 2011)).

Further, Plaintiff argues enhanced damages were appropriate because the affidavit of Mr. Gagliardi's affidavit "explained that Defendant must have taken some deliberate act to intercept the Program. . . [and] establishes [the broadcast] was done for commercial advantage or financial gain." (Id. at 7-8).  Plaintiff contends Mr. Gagliardi "also addresses issues such as advertising, premiums for food and beverage, and cover charges . . . [and] explains why such factors may not be present." (Id. at 10).  Plaintiff argues that § 605 "does not require the 'direct' evidence of the type suggested by the Magistrate [Judge]."  The statute requires a 'finding.'  That finding can be based on a myriad of factors, including an admission via default." (Id.) (citing Joe Hand Promotions, Inc. v. Sorondo, 2011 U.S. Dist. LEXIS 101917, 2011 WL 4048786 (E.D. Cal. Sept. 9, 2011); J & J Sports Productions, Inc v. Tilakamonkul, 2011 U.S. Dist. LEXIS 62120, 2011 WL 2414550 (E.D. Cal. June 10, 2011)).  Plaintiff contends that even if evidence is required, the affidavit of Mr. Gagliardi supports a finding that Defendant acted willfully for the purpose of financial gain.  (Id.)

Finally, Plaintiff argues that the amount of $6,200 "does not accomplish the goal of deterrence."  (Doc. 17 at 11).  Plaintiff asserts "such minimum awards only encourage the repeated unlawful interception of Plaintiff's programming.  (Id.)  Plaintiff acknowledges "the total award was approximately three times the cost of the Program," but asserts that "[i]f Defendant sucessfully pirates only two broadcasts in the future, he will break even.  There is a perverse incentive for Defendant to attempt to break the law." (Id. at 12, n. 9).

**III.  Discussion**

As Plaintiff argues, an award of enhanced damages requires a finding that the act was "committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain."  47 U.S.C. § 605(e)(3)(C)(ii).  The Magistrate Judge noted the Court may consider

4

1  many factors to determine whether enhanced damages should be awarded, including whether the
2  defendant engaged in promotional advertising, charged a premium for food or drink, or imposed a
3  cover charge; the size of the audience, establishment, or both; the size and number of televisions on
4  which the broadcast was displayed; and whether the defendant is a repeat offender.  (Doc. 15 at 11)
5  (citing  Integrated Sports Media, Inc. v. Naranjo, 2010 U.S. Dist. LEXIS 81264 (E.D. Cal. Aug. 11,
6  2010); Joe Hand Promotions v. Gamino, 2011 U.S. Dist. LEXIS 1960 (E.D. Cal. Jan. 10, 2011); J &
7  J Sports Productions, Inc. v. Ferreyra, 2010 U.S. Dist. LEXIS 21140, at *11-12 (E.D. Cal. Mar. 9,
8  2010); G & G Closed Circuit Events, LLC v. Saddeldin, 2010 U.S. Dist. LEXIS 77585 (E.D. Cal.
9  Aug. 2, 2010)).  Accordingly, the Magistrate Judge observed: "[T]he investigator reported no cover
10 charge was required, and Plaintiff has not shown Defendant was a repeat offender or advertised the
11 Program broadcast to make a profit.  Further . . . the establishment was small with few patrons
12 present, and it is not clear whether all patrons were in the bar area where the television was located."
13 (Id.)  After considering these factors, the Magistrate Judge concluded enhanced damages were not
14 appropriate. (Id.) (citing, e.g., Garden City Boxing Club, Inc v. Nguyen, 2005 U.S. Dist. LEXIS
15 29866 (E.D. Cal. Nov. 28, 2005); Integrated Sports Media, Inc. v. Naranjo, 2010 U.S. Dist. LEXIS
16 81264 (E.D. Cal. Aug. 11, 2010); J & J Sports Productions v. Miranda, 2009 U.S. Dist. LEXIS
17 112415 (N.D. Cal. Nov. 16, 2009); J & J Sports Productions v. Hernandezsilva, 2010 U.S. Dist.
18 LEXIS 96891 (S.D. cal. Sept. 15, 2010)).

19      In the Objections, it appears Plaintiff argues to the damages should be enhanced, and named
20 Olivares as an example case in which the Eastern District has enhanced the statutory damages "under
21 non-egregious circumstances".  (Doc 17 at 6).  In Olivares, the Court considered the establishment
22 with a capacity of about fifty persons had over 60 individuals present during the broadcast on three
23 televisions, and found the defendant acted "willfully for commercial advantage" in determining the
24 amount of damages to be awarded.  Olivares, 2011 U.S. Dist. LEXIS 12635.  In contrast, here the
25 Magistrate Judge noted the broadcast was on a single television with 10 to 14 patrons present.  (Doc.
26 15 at 8, 11-12).

27      In his affidavit, Mr. Gagliardi asserts "the unlawful exhibition may well have been promoted
28 by word of mouth or advertising that went undetected by the auditors, to their own customers to

increase their financial gain on the night our programs on broadcast at their establishment." (Doc. 12-4 at 4-5).  However, this assertion is speculation on the part of Mr. Gagliardi.  Further, Mr. Gagliardi attested that "it is undetermined whether the prices paid by an auditor at the pirate location on a fight night are in fact less than or equal to the normal prices charged by the pirate establishments" because the "auditors do not benchmark the prices . . . subsequent to conducting field surveillance on the evening our programming is broadcast." (Id. at 5).  Regardless, the prices charged by Defendant was but one of many factors considered by the Magistrate Judge in her findings that Defendant did not act willfully and for the purpose of financial gain.

## IV.   Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and Britt v. Simi Valley United School Dist., 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of the case.  Having carefully reviewed the entire file, the Court finds that the findings and recommendation are supported by the record and by proper analysis.  The Magistrate Judge added a $4,000 statutory award to the award of $2,200 for the tort of conversion.  The total amount of $6,200 both compensates Plaintiff and acts as a deterrent by awarding an amount substantially higher than the cost Defendant would have incurred to purchase a sublicense to exhibit the program.  As observed by the Ninth Circuit and noted by the Magistrate Judge, "The range in the statutory award [under § 605] might allow for a sanction that deters but does not destroy." Pay-Per-View v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 2009).

Accordingly, **IT IS HEREBY ORDERED**:

1. The Findings and Recommendations filed September 30, 2011 (Doc. 15) are **ADOPTED IN FULL** and judgment shall be entered accordingly; and
2. Plaintiff's counsel shall submit a proposed form of judgment consistent with this decision within five (5) days following the date of electronic service of this decision.

IT IS SO ORDERED.

Dated:   March 23, 2012

CHIEF UNITED STATES DISTRICT JUDGE